IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BOBBY L. MAGWOOD,
     Plaintiff,

vs.                       Case No. 3:12cv14/MCR/CJK

FLORIDA DEPARTMENT OF
CORRECTIONS,
     Defendant.

---

## REPORT AND RECOMMENDATION

     Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 10). Upon review of the amended complaint, the Court concludes that all of plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted, except for plaintiff's individual capacity claim for nominal damages against defendant Nichols arising from Nichols' discontinuance of plaintiff's high blood pressure medication, and plaintiff's claim for injunctive relief (the reinstatement of plaintiff's high blood pressure medication).

BACKGROUND AND PROCEDURAL HISTORY

     Plaintiff is an inmate of the Florida penal system currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI"). (Doc. 10). Plaintiff's second amended complaint names six defendants: Unknown Named Director of Regional

Health Care for the Florida Department of Corrections ("DOC"); W. D. Rummel, Chief Health Officer of Santa Rosa CI; M. Nichols, Nurse at Santa Rosa CI; Kenneth S. Tucker, Secretary of the DOC; R. Tifft, Warden of Santa Rosa CI; and J. Haas, Assistant Warden of Santa Rosa CI.  (Doc. 10, pp. 1-2).  Plaintiff claims the defendants were deliberately indifferent to his serious medical needs when Nurse Nichols terminated plaintiff's high blood pressure medication on May 11, 2011, medication plaintiff had been taking for over ten years.  Plaintiff seeks to hold Assistant Warden Haas and Dr. Rummel liable for Nichols' conduct because they denied plaintiff's grievance on the issue.  Plaintiff seeks to hold the remaining defendants liable for Nurse Nichols' conduct on the grounds that they are "legally responsible for the overall operation of the Department's Medical Care Units." (Doc. 10, p. 6(B)).  Plaintiff also challenges the failure to renew his asthma and respiratory medication, the "falsification" of his medical records, and being "thrown out of medical clinic" on February 28, 2012.  (*Id.*, pp. 5-6(B)).  As relief, plaintiff seeks injunctive relief (a permanent injunction enjoining Nurse Nichols from denying plaintiff's medication), punitive damages of $20,000.00 against each defendant, and "any additional relief this court deems just, proper, and equitable." (*Id.*, p. 7).

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the Court to dismiss this case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The Court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  Dismissals for failure to state a

claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, however, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the Court can take judicial notice. 5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008). Further, only <u>well pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation")); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1266 (11th Cir. 2009) (stating that "in testing the sufficiency of the plaintiff's allegations, we do not

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

credit . . . conclusory allegations as true").

The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1968-69 (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). The complaint is also subject to dismissal for failure to state a claim if the allegations – on their face – show that an affirmative defense bars recovery on plaintiff's claims. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing, as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

<u>Plaintiff's Claims Concerning the Failure to Renew Asthma and Respiratory Medication, the "Falsification" of Medical Records, and Being "Thrown Out of Medical Clinic" Should be Dismissed for Failure to Exhaust Administrative Remedies</u>

Title 42 U.S.C. § 1997e provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory pre-condition to suit. *Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S. Ct. 983, 988, 152 L.

Ed. 2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 534 U.S. at 524, 122 S. Ct. 983. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *Booth, supra* at 734, 121 S. Ct. at 1825. The requirement is not subject to waiver by a court, or futility or inadequacy exceptions. *See Booth, supra* at 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998). A court must dismiss an action if satisfied that the plaintiff failed to properly exhaust his available administrative remedies prior to filing suit. *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000); *Alexander*, 159 F.3d at 1325-26.

Plaintiff alleges that he completed exhaustion of his administrative remedies concerning the failure to renew his asthma and respiratory medication on February 10, 2012, when the Central Office denied his appeal. (Doc. 10, p. 6). That was <u>after</u> plaintiff initiated this lawsuit on January 9, 2012. (Doc. 1). Plaintiff alleges that he completed exhaustion of his administrative remedies concerning the "falsification" of his medical records and being "thrown out of medical clinic," on April 24, 2012. (Doc. 10, pp. 5-6). That was <u>after</u> plaintiff initiated this lawsuit on January 9, 2012. (Doc. 1). As plaintiff's allegations – on their face – show that the affirmative defense

of failure to exhaust bars recovery on these claims, they should be dismissed without prejudice for failure to state a claim.

<u>Plaintiff's Claims Against Defendants Unknown Named Director of Regional Health Care for the DOC, Secretary Tucker, Warden Tifft and Assistant Warden Haas Should be Dismissed for Failure to State a Claim</u>

Plaintiff seeks to hold the Director of Regional Health Care for the DOC, Secretary Tucker, Warden Tifft and Assistant Warden Haas liable for Nurse Nichols' termination of plaintiff's blood pressure medication because the Regional Director, Secretary Tucker and Warden Tifft are "legally responsible for the overall operation" of Santa Rosa CI and its medical department (doc. 10, p. 6(B), and because Assistant Warden Haas co-signed Chief Health Officer Rummel's denial of plaintiff's grievance (*id.*, p. 6). "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); *Polk Cnty. v. Dodson*, 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). "[T]he mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability." *Monell v. Dep't of Soc. Servs. of N.Y.,* 436 U.S. 658, 694 n. 58, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (*citing Rizzo v. Goode*, 423 U.S. 362, 370-371, 96 S. Ct. 598, 56 L. Ed. 2d 561 (1976)). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). The Eleventh

Circuit in *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008) set forth the limited circumstances in which a causal connection can be shown sufficient to render a supervisor liable on a § 1983 claim.  The causal connection can be established:

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* at 1322 (*citing West v. Tillman*, 496 F.3d 1321, 1328-29 (11th Cir. 2007)). Plaintiff's allegations fail to show that the Regional Director, Secretary Tucker, or Warden Tifft personally participated in or caused the termination of plaintiff's blood pressure medication.

As to Assistant Warden Haas' liability, filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (*quoting Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *Lomholt v. Holder*, 287 F.3d 683, 683 (8th Cir. 2002) (holding that defendants' denial of plaintiff's grievances did not state a substantive constitutional claim); *see also Rickerson v. Gills*, No. 5:11cv279/MP/GRJ, 2012 WL 1004733, at *3 (N.D. Fla. Feb. 8, 2012)

(finding prisoner failed to state § 1983 claim against prison official whose sole involvement was to review and deny plaintiff's administrative grievance at the DOC Secretary's level of review.), *Report and Recommendation adopted*, 2012 WL 1004724 (N.D. Fla. Mar. 22, 2012).  The fact that Assistant Warden Haas denied plaintiff's grievance, without more, does not show that Haas personally participated in or caused the termination of plaintiff's medication.  The plausibility of subjecting Haas to liability is even more attenuated given plaintiff's allegation that Haas' denial of plaintiff's grievance was based on Doctor Rummel's recommendation that plaintiff go to sick call to request the return of his medication.  (*See* Doc. 6, pp. 5-6; Doc. 1, p. 8 ¶ 30).  *See also Acosta v. Watts*, 281 F. App'x 906, 908 (11th Cir. 2008)[2] (holding that administrative official could not be held liable for a constitutional tort when his administrative decision was grounded in a decision made by medical personnel). Plaintiff's allegations fail to state a plausible § 1983 claim of deliberate indifference against Assistant Warden Haas.

Plaintiff Fails to State a Plausible Claim of Medical Deliberate Indifference Against Chief Health Officer Rummel

Plaintiff seeks to hold CHO Rummel liable for Nichols' termination of plaintiff's blood pressure medication on the grounds that Rummel denied plaintiff's grievance and instructed plaintiff to address the issue by going to sick call and requesting the return of his medication.  (Doc. 10, p. 6; Doc. 6, pp. 5-6; Doc. 1, p. 8 ¶ 30).  Prison officials violate the Eighth Amendment when they act with deliberate indifference to an inmate's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104–05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).  An Eighth Amendment claim has

---

[2]"Unpublished opinion are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

three elements:  (1) a serious medical need; (2) defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury.  *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir. 2009). Establishing deliberate indifference on the part of a defendant requires a plaintiff to show:  "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Townsend v. Jefferson Cnty*., 601 F.3d 1152, 1158 (11th Cir. 2010) (internal quotation marks and alteration omitted). Taking the allegations of plaintiff's second amended complaint as true, plaintiff fails to show that CHO Rummel acted with deliberate indifference.  Plaintiff does not allege that CHO Rummel participated in Nurse Nichols' decision to terminate his blood pressure medication, nor does plaintiff suggest that Rummel's response – instructing plaintiff to go to sick call for the return of his  medication – "was poor enough to constitute an unnecessary and wanton infliction of pain." *Taylor v. Adams*, 221 F. 3d 1254, 1258 (11th Cir. 2000).  Plaintiff's claim against Rummel should be dismissed for failure to state a claim.

<u>Plaintiff's Individual Capacity Claims Against Defendant Nichols for Punitive Damages are Barred by 42 U.S.C. § 1997e(e), and   Plaintiff's Official Capacity Claims for Damages are Barred by the Eleventh Amendment</u>

The only remaining claim is plaintiff's Eighth Amendment claim against Nurse Nichols for terminating plaintiff's high blood pressure medication.  Plaintiff sues Nurse Nichols in her individual and official capacities. (Doc. 10, p. 6(C)).  Plaintiff seeks injunctive relief (the return of his blood pressure medication), punitive damages and "any additional relief this court deems just, proper and equitable." (Doc. 6, p. 7).

The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility,

for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).  "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002).  This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition.  It is evident from the face of plaintiff's pleadings that plaintiff was a prisoner at the time he filed this action, and that the harm complained of occurred while plaintiff was in custody.  Plaintiff's punitive damages claims are based on the mental and emotional injury plaintiff suffered as a result of Nichols' discontinuing plaintiff's blood pressure medication, and/or the fact of the alleged constitutional deprivation itself (divorced from any mental or emotional injury plaintiff suffered as a result of Nichols' conduct). Plaintiff's only allegations of injury arising from the denial of his medication are that plaintiff experienced "severe headaches, dizzy spells, and his feets [sic] are constantly swelling up; also from the wanton infliction of psychological pain, plaintiff has been in an ongoing state of mental depression." (Doc. 10, p. 6).  These allegations do not plausibly suggest that plaintiff suffered more than *de minimis* physical injury from the lack of medication.  Plaintiff does not allege that his  symptoms were so severe that he sought medical attention, or that his symptoms caused any physical injury besides discomfort.  Plaintiff is prohibited under the PLRA from bringing his claim for punitive damages.  *Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999) ("*Harris I*"), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) ("*Harris II*") (affirming district court's dismissal, under 42 U.S.C. § 1997e(e), of prisoners' compensatory and punitive damages claims arising from prison officials' alleged unconstitutional conduct, where prisoners alleged no physical

injury arising from that conduct; explaining that "routine discomfort is part of the penalty that criminal offenders pay for their offenses against society"); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury); *Quilan v. Personal Trans. Servs. Co.*, 329 F. App'x 246, at *2 (11th Cir. 2009) (finding that § 1997e(e) barred an asthmatic plaintiff's compensatory and punitive damages requests that were based on complaints "of temporary chest pain, headache, and difficulty breathing while in the van" along with current episodes of back pain as *de minimis* injuries); *Powell v. Harrison*, No. 2:08cv00114, 2010 WL 331922, at *3 (S.D. Ga. Jan. 28, 2010) (unpublished) (finding that plaintiff's claim that she had been diagnosed with high blood pressure was not a sufficient physical injury that would allow her to recover damages for her claims of mental and emotional injuries); *Abreu v. Nicholls*, No. 1:04cv07778, 2011 WL 1044373, at *3 (S.D. N.Y. Mar. 22, 2011) (unpublished) (listing other cases where headaches, mental conditions, shortness of breath, pounding heart, hyperventilation, stress, and dizziness, among others, were not found to be greater than *de minimis* ).  If successful, the only damages plaintiff will be able to recover are nominal ones.  *See also Munn v. Toney*, 433 F.3d 1087, 1089 (8th Cir. 2006) (holding that plaintiff's allegations of "headaches, cramps, nosebleeds, and dizziness," as a result of being denied his prescribed blood-pressure treatment, survived § 1997e(e) review to the extent that plaintiff could recover nominal damages).

Although plaintiff may proceed with his nominal damages claim against Nurse

Nichols in her individual capacity, plaintiff's official capacity claims for damages must be dismissed as barred by the Eleventh Amendment.   A suit against a state employee in his or her official capacity is deemed to be a suit against the State for Eleventh Amendment purposes. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).   "Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued [neither or which is present here], the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." *Gamble v. Fla. Dep't of Health and Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986); *id.* at 1512 (holding that the Eleventh Amendment "will bar damage awards against state officers sued in their official capacities in suits brought in federal court pursuant to 42 U.S.C.A. § 1983."); *Will*, 491 U.S. at 66, 109 S. Ct. 2309-10 ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity."  (citations omitted)).  Plaintiff's official capacity damages claims must be dismissed.

CONCLUSION

The only claims that can proceed are plaintiff's individual capacity claims for injunctive relief and nominal damages against defendant Nurse Nichols for her termination of plaintiff's high blood pressure medication.  All other claims must be dismissed for failure to state a claim upon which relief can be granted.

Accordingly, it is respectfully RECOMMENDED:

1. That plaintiff's claims arising from the denial of his asthma and respiratory medications, the "falsification" of his medical records, and being "thrown out of the medical clinic", be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted (plaintiff's failure to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a)).

2. That plaintiff's individual capacity claims against defendants Unknown Named Director of Regional Health Care for the Florida Department of Corrections, Secretary Tucker, Warden Tifft, Assistant Warden Haas and CHO Rummel arising from the termination of plaintiff's blood pressure medication be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim upon which relief can be granted.

3. That plaintiff's official capacity claims for damages be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(iii) as barred by Eleventh Amendment immunity.

4. That plaintiff's individual capacity claim against defendant Nichols for punitive damages be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim upon which relief may be granted (plaintiff's failure to allege the requisite physical injury under 42 U.S.C. § 1997e(e)).

5. That this matter be referred to the undersigned for further proceedings on plaintiff's individual capacity claims against defendant Nurse Nichols for nominal

damages and injunctive relief arising from her termination of plaintiff's blood pressure medication.

At Pensacola, Florida this 11th day of October, 2012.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).